IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

COLUMBUS REGIONAL HEALTHCARE   *
SYSTEM, INC.
                               *
         Plaintiff,
                               *
vs.
                               *     CASE NO. 4:05-CV-51 (CDL)
DR. RONALD V. BECK
                               *
         Defendant.
                               *

O R D E R

Plaintiff, Columbus Regional Healthcare System, Inc. ("CRHS"), brings this action for contribution against Defendant, Ronald V. Beck ("Beck"). CRHS contends that it and Beck are joint tortfeasors and are each responsible for fifty per cent of a $2.5 million judgment entered in the Superior Court of Muscogee County jointly against Beck, CRHS, and The Medical Center, Inc. ("The Medical Center").[1] Defendant Beck has filed a counterclaim for contribution contending that each of the three defendants in the underlying action are responsible for one-third of the total verdict. Both CRHS and Beck have filed motions for summary judgment. The issue presented by those motions is whether CRHS and The Medical Center should be treated as one or two units for purposes of contribution arising from

---

[1] The record establishes that CRHS is a not for profit holding company and that The Medical Center is a not for profit hospital affiliated with and ultimately controlled by CRHS. Based upon the record presently before the Court, the Court finds the relationship between CRHS and The Medical Center to be analogous to that of parent and wholly owned subsidiary in the for profit context.

the underlying lawsuit. For the following reasons, the Court finds that they should be treated as one unit for contribution purposes. Therefore, Plaintiff's Motion for Summary Judgment (Doc. 33) is granted, and Defendant's Motion for Summary Judgment (Doc. 29) is denied.

## BACKGROUND

Joseph Bonner filed a medical malpractice action in the Superior Court of Muscogee County, Georgia against Dr. Ronald V. Beck, CRHS, and The Medical Center ("Superior Court action"). In that action, Mr. Bonner alleged that Dr. Beck and employees and agents of CRHS and The Medical Center were jointly negligent in causing his injuries. After the jury returned a $2,500,000 verdict in favor of Mr. Bonner against Beck, CRHS, and The Medical Center, the Superior Court entered judgment in favor of Mr. Bonner against these three defendants jointly. Beck's insurance carrier paid $1,000,000 of the judgment, and CRHS paid the remaining amount of the judgment plus interest on behalf of itself and The Medical Center. CRHS's total payment was $1,517,967.

CRHS, alleging that it and the Medical Center combined should only be responsible for one-half of the judgment, subsequently brought this action seeking contribution from Beck of $258,983.50, which is the difference between what it paid ($1,517,967) and its one-half share ($1,258,983.50). Beck has filed a counterclaim contending that he should be responsible for one-third, not one-half,

2

of the total judgment because the judgment was entered against all three defendants jointly. He therefore seeks contribution of $160,677.67 which represents the difference between what has been paid on his behalf ($1,000,000) and a one-third share ($839,322.33).

## DISCUSSION

The Court finds that no genuine issues of material fact exist to be tried. Therefore, summary judgment is the appropriate procedural vehicle for resolving this matter. *See* Fed. R. Civ. P. 56. The Court further finds that both parties have standing to assert their claims and that Beck should be permitted to assert his counterclaim which was omitted from his initial pleading. Consequently, the only issue to be decided is whether there are two or three defendants for purposes of contribution in the underlying action. If there are only two defendants, then Beck and CRHS would each be responsible for one-half of the judgment. If all three are considered defendants for contribution purposes, each would be responsible for a one-third share.

The issue presented in this case has been addressed by the Georgia courts in *St. Paul Fire & Marine Ins. Co. v. MAG Mut. Ins. Co.,* 209 Ga. App. 184, 433 S.E.2d 112 (1993). In a case of first impression, the Georgia Court of Appeals held that a doctor and the professional corporation of which he was a shareholder and employee should be treated as one unit for purposes of contribution when the only basis for liability of the professional corporation was the

doctor's own negligence that was imputed to the professional corporation because of the doctor's relationship with it. *Id.* at 186. The Court finds the rationale expressed in *St. Paul Fire & Marine Ins. Co.* applicable to the present case.

Similar to the close relationship between the doctor and his professional corporation in *St. Paul Fire & Marine Ins. Co.,* the relationship between CRHS and The Medical Center is a close one, analogous to that of a parent and its wholly owned subsidiary. Furthermore, just as the liability of the doctor and his professional corporation in *St. Paul Fire & Marine Ins. Co.* was based solely on one set of negligent acts (the negligence of the doctor), the liability of CRHS and The Medical Center was likewise based upon one set of negligent acts committed by one set of employees. Moreover, just as the negligence of the doctor in *St. Paul Fire & Marine Ins. Co.* was imputed to the doctor's professional corporation, the negligence of the one set of agents of CRHS and The Medical Center was imputed to CRHS and The Medical Center.

The Court finds it important that the same exact negligence by the same exact agents was imputed to both CRHS and the Medical Center. The record is clear on this point. The jury verdict form only gave two options regarding the liability of CRHS and The Medical Center. The options were either a finding in favor of both of them or against both of them. Had there been some contention that they committed different acts of negligence, an option would have been

4

available to find in favor of one and not the other. It is therefore clear that their liability was determined by imputing the same negligent acts of the same joint agents to both of them.

Although the present case is factually distinguishable from *St. Paul Fire & Marine Ins. Co.,* the Court finds that distinction does not make a difference in the outcome. The Court acknowledges that this case involves one set of negligent acts committed by one set of agents imputed to *two* separate but closely related parties, whereas *St. Paul Fire & Marine Ins. Co.* involved one set of negligent acts committed by one agent imputed to *one* party. Notwithstanding this factual distinction, the rationale expressed in *St. Paul Fire & Marine Ins. Co.* requires a similar result in this case. The court there focused upon the fact that one party's vicarious liability (the professional corporation) was based upon that party's close relationship with the other party (the doctor agent) whose negligent acts were imputed to it (the professional corporation). The court concluded that the connection between these parties and the fact that their joint liability was based upon one set of negligent acts warranted treating them as one party for contribution purposes. *Id.* at 186. The undisputed facts in the present case establish that CRHS and The Medical Center are closely connected and that their vicarious liability was based upon the same negligent acts of one set of agents. Therefore, following the rationale of *St. Paul Fire & Marine Ins. Co.,* they are to be treated as one party for purposes of

determining the pro rata share of the judgment each defendant should pay in this case.

Based on the foregoing, the Court grants Plaintiff's Motion for Summary Judgment (Doc. 33). Defendant's Motion for Summary Judgment (Doc. 29) is denied. Accordingly, judgment shall be entered in favor of Plaintiff in the amount of $258,983.50 against Defendant. Costs shall also be assessed against the Defendant.

The Court denies the parties' motions for recovery of their attorney's fees, finding that a bona fide dispute existed, that neither party engaged in bad faith, and that attorney's fees are otherwise not recoverable.

IT IS SO ORDERED, this 6th day of June, 2006.

                                        S/Clay D. Land
                                            CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE